*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0096P (6th Cir.)
File Name: 02a0096p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DERRICK COLES,
     *Plaintiff-Appellant*
     *(00-3933; 01-3345),*

GWENDOLYN DANILES,
*Intervenor-Plaintiff-Appellant*
     *(00-3933/3962),*
     *Plaintiff-Appellant*
     *(01-3345),*

     *v.*

STEVIE WONDER; MOTOWN
RECORD COMPANY;
STEVLAND MORRIS
PUBLISHING,
     *Defendants-Appellees.*

Nos. 00-3933/
3962; 01-3345

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 98-00433—Solomon Oliver, Jr., District Judge.

Argued: January 31, 2002

Decided and Filed: March 20, 2002

1

Before: NORRIS and CLAY, Circuit Judges; SARGUS, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Brian D. Sullivan, REMINGER & REMINGER CO., Cleveland, Ohio, for Appellants. Steven A. Marenberg, IRELL & MANELLA, Los Angeles, California, for Appellees. **ON BRIEF:** Brian D. Sullivan, Clifford C. Masch, REMINGER & REMINGER CO., Cleveland, Ohio, Charles E. Wagner, Cleveland, Ohio, for Appellants. Steven A. Marenberg, Laura A. Seigle, IRELL & MANELLA, Los Angeles, California, Deborah A. Coleman, HAHN, LOESER & PARKS, Cleveland, Ohio, for Appellees.

---

**OPINION**

---

 ALAN E. NORRIS, Circuit Judge. The Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, requires that an individual wishing to register a copyright must, in the case of an unpublished work, deposit "one complete copy or phonorecord" with the Copyright Office at the time of application.  17 U.S.C. § 408(b)(1).  The question presented by the circumstances of this case is whether the copy of the original work deposited by a copyright applicant must be made with reference to the original work in order to establish a copyright date earlier than the date of the copyright application.  We are not persuaded that the district court erred in resolving the controversy between the parties by relying upon the reasoning found in *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998).  There, the Court of Appeals

---

 [*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

say that the award in this case merits reversal. Our decision is bolstered by the fact that the district court exercised its discretion by reducing the award significantly, based upon equitable concerns.

### IV.

The judgment of the district court is **affirmed**.

for the Ninth Circuit concluded that "any copy deposited as part of an application for a certificate of copyright registration must be virtually identical to the original and must have been produced by directly referring to the original." *Id.* at 1212 (internal punctuation altered).

The district court granted summary judgment to defendants in this action, which involves allegations by plaintiff Derrick Coles that defendant Stevie Wonder made unlawful use of his copyrighted song *For Your Love*. For the reasons outlined below, we affirm the grant of summary judgment to defendants, as well as the district court's decision to award them a portion of their attorney's fees and costs.

### I.

On September 4, 1990, plaintiff Derrick Coles applied for a copyright registration of *For Your Love*. The application indicates that the song was completed in 1984. However, the recording of the song deposited with his application was made in 1990. Furthermore, although plaintiff testified during his deposition that his 1990 recording was identical to the version of the song created in 1984,[1] he could not refer to the original version of the song when he made the 1990 recording because he did not possess a copy of a recording that he made at the time of the song's creation. He also testified that he had not kept a written copy of the song.

Stevie Wonder, who has enjoyed a lengthy career as a songwriter and recording artist, released a song called *For*

---

[1] In the course of this litigation, plaintiff's recollection about when he created *For Your Love* has shifted. While his copyright application indicates that the song was written in 1984, plaintiff later claimed that he began working on the song in the late 1970s and recorded it in 1982. Given the procedural posture of the case, we will "view the factual evidence and draw all reasonable inferences in favor of the non-moving party." *DePiero v. City of Macedonia*, 180 F.3d 770, 776 (6th Cir. 1999). Given our holding in this case, whether the song was created in 1984 or 1982 does not affect the outcome.

*Your Love* in 1995 on the album *Conversation Peace.* Wonder obtained a publishing copyright of the song in 1994 and, the following year, Motown Record Company acquired a copyright in the sound recording from *Conversation Peace.* Although he had not copyrighted the song until much later, Wonder was involved in a number of recordings of the song that date from the early 1980s, including two made in August 1982.

In his lawsuit, filed in the district court in 1998, Coles contends that Wonder's version of *For Your Love* infringes his 1990 copyright.[2]   Because Wonder has produced recordings of his song, made in the early 1980s, plaintiff must establish that his copyright covers that period in order to raise an issue of material fact; simply possessing a copyright that is valid as of 1990 will not be enough.[3]

## II.

As the district court correctly observed, plaintiff must prove two things in order to establish a copyright infringement claim: first, that he had ownership of a valid copyright; second, that another person copied a protected interest in the work. Order, June 30, 2000 at 8 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).   While copyright protection dates from the time that an artist creates

---

[2]The district court permitted Gwendolyn Daniles to intervene based upon her contention that Coles conveyed his interest in the song to her in 1991. Because her interests coincide with those of Coles, they are collectively referred to as "plaintiff" in this opinion.

[3]Well into this litigation, plaintiff produced a recording of *For Your Love* that allegedly dates from 1973. The district court quite rightly dismissed this recording as irrelevant to the proceedings. The 1973 recording was found among the possessions of plaintiff's brother where it had remained since it was made. Therefore, it is impossible to argue that this recording could have been heard, let alone been appropriated, by Wonder. Moreover, the copyright registration at issue makes no mention of this 1973 recording.

testimony is also highly disturbing. This is particularly so given that Coles changed the dates in response to evidence adduced by Defendants that Wonder had created his song prior to the creation date alleged for Coles' version of *For Your Love* in the Complaint.

Lastly, the court finds that considerations of compensation, deterrence, and the objective of the Copyright Act weigh in favor of awarding attorney fees. An award in this case will deter would-be plaintiffs from bringing equally meritless lawsuits against other artists. Awarding attorney fees against a party without an objectively reasonable claim will send a message that such plaintiffs, in the hopes of achieving a settlement, should not force other songwriters to unnecessarily spend hundreds of thousands of dollars to defend themselves.

Order, February 27, 2001 at 3-4.

The Copyright Act includes the following provision for attorney's fees:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.   Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.   As the district court recognized, the Supreme Court has explicitly extended this section to defendants. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Such fees are subject to the discretion of the trial court and should be based upon the factors listed in the district court's order, such as, frivolousness of the claim, motivation, reasonableness, and deterrence. *Id.*, 505 U.S. at 534 n.19.

Given the deference that we must pay to the discretion of the district court in the award of attorney's fees, we cannot

because the court decided Defendants' Motion for Summary Judgment on a novel legal issue. The court finds this not to be the case. A valid copyright registration is an element of a *prima facie* case of copyright infringement, and establishing that a copy of the allegedly infringed work has been deposited with the Copyright Office has long been a requirement for establishing a valid copyright registration. It is true that the court has based its decision on cases outside of the Sixth Circuit; however, such cases were directly on point with the facts of this case. In opposing Defendants' Motion for Summary Judgment, Plaintiffs did not present any case law from this or any other circuit which was directly on point and which supported their position that Coles' copyright registration was valid despite the fact that Coles did not deposit a copy of the allegedly infringed work and did not even own any copies of the allegedly infringed work.

The court also finds Plaintiffs' motivation in bringing this case suspect. Plaintiffs do not dispute that before Coles filed the instant lawsuit, his counsel communicated with Wonder's office and threatened to sue if Wonder did not settle. Moreover, shortly after the lawsuit was filed, Plaintiff and his attorney both appeared on a local television news program in Cleveland and accused Wonder of stealing Plaintiff's song. The court does not mean to suggest that parties or their counsel should be precluded from communicating with the media about a lawsuit or from vigorously attempting to resolve a dispute before filing suit. However, in light of the fact that this case was objectively unreasonable, the tactics and strategies pursued by Plaintiff and his attorneys can be interpreted as seeking to force a settlement with a wealthy songwriter with little or no basis for doing so. Moreover, it tends to show that the strategies employed were simply puffing. Finally, the fact that Coles continually changed the creation and first recording date of *For Your Love* even in the face of previously sworn

an original work that may be copyrighted, such as a song, a cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act. 17 U.S.C. § 411(a).

Among the requirements of copyright registration is a requirement that an application include a copy of the work. 17 U.S.C. § 408(b). In this case, defendants maintain that plaintiff failed to obtain a valid copyright of a 1982 recording of *For Your Love* because the recording submitted with his application, which dates from 1990, was a reconstruction rather than a copy of the earlier recording.

As mentioned earlier, the district court relied heavily on a case from the Ninth Circuit, *Kodadek, supra*, to justify its grant of summary judgment to defendants. In that case, plaintiff alleged that he made numerous drawings of the cartoon characters "Beavis and Butthead" before the television show of the same name was aired. In 1995, two years after the show was first broadcast, plaintiff applied for and obtained a certificate of registration from the Copyright Office. His application indicated that the date of creation was 1991; however, the drawings submitted pursuant to the deposit requirement of the Copyright Act were made from memory in 1993 after plaintiff had seen the television show.

Looking to its earlier decision in *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316 (9th Cir. 1986), the court of appeals noted that there was a distinction between the bona fide copies of an original work required by 17 U.S.C. § 408(b) and reconstructions. *Kodadek*, 152 F.3d at 1211. Despite plaintiff's contention, which is similar to the one advanced by plaintiff in this case, that he could reproduce "virtually identical" copies of his original work from memory, the Ninth Circuit held that such recreations are insufficient to meet the deposit requirement:

> While it may be possible for an artist to accurately reproduce his or her previous work from memory, for the

purpose of certainty in obtaining copyright registration, such reproductions are simply insufficient. Again, *Seiler* held that § 408 permits the deposit of "bona fide copies of the original work only." *Id.* This means that any "copy" deposited as part of an application for a certificate of copyright registration must be virtually identical to the original and must have been produced by directly referring to the original. Once a bona fide copy is made in this manner, subsequent copies can be made by directly referring to that copy. For example, a photocopy or other electronic means of reproduction of an original drawing could suffice. Similarly, an accurate trace of an original drawing could suffice. In fact, a meticulous freehand redrawing of an original, made while the artist referred directly to the original, could suffice. Here, Kodadek's 1993 drawings were made from his memory of the 1991 drawings. They were not made by directly referring to the originals or bona fide copies of the originals. We hold that the 1993 drawings are merely "reconstructions" and not appropriate "copies" of the 1991 drawings for purposes of obtaining a valid certificate of copyright registration. Thus, Kodadek did not properly receive a copyright registration in the 1991 drawings and his infringement action is foreclosed.

*Id.* at 1212. Similarly, in the case before us, had Coles been able to establish that he made the 1990 recording after listening to an audio copy of his 1982 rendition of *For Your Love*, he could have met the deposit requirement and his copyright would be valid from the date listed on his application. Likewise, had he made his 1990 recording after reviewing a tear sheet or other written summary that dated from 1982, he could have satisfied the deposit requirement. Like the plaintiff in *Kodadek*, however, Coles did not refer to the original work in producing the recording of *For Your Love* that he then deposited with his copyright application. Thus, the 1990 recording must be viewed as a reconstruction only, not a copy, and therefore he could not receive a valid copyright registration in the 1982 version of the song.

While the rule that we adopt may seem harsh, it avoids the factual disputes over creation dates that are on vivid display in this case. The rule permits an artist to protect an original song against potential infringement by registering the original work with the Copyright Office immediately after its creation by depositing either a recording of the song or a written version of it with the copyright application; by retaining a copy of a recording of the original song or written version of it that dates from the time of creation for deposit with a subsequent copyright application; or by making the copy for deposit by referring to a recording or written version of the original work. Rather than put the interests of creative artists at risk, the rule protects those interests by encouraging artists to either register copyrights upon creation of a new work or, at least, to retain copies of their work. By doing so, they can protect themselves against claims of copyright infringement or, if necessary, enforce their own copyrights. Because he retained copies of *For Your Love* that dated from 1982, Stevie Wonder was able to prevail in this action even though he obtained his copyright of the song after plaintiff. Since Coles failed to retain a copy of his 1982 recording, he could not satisfy the deposit requirement of § 408. Accordingly, the district court properly granted summary judgment to defendants.

### III.

The district court found plaintiffs Coles and Daniles jointly and severally liable for $173,871 in attorney's fees, for $9,711.65 in taxable costs, and for $14,172.34 in non-taxable costs. Although these awards are high, they reflect the district court's decision to reduce them by fifty percent for equitable reasons. In making its fee award, the court provided the following rationale:

Although the Plaintiffs' claims and prosecution of this case were not necessarily frivolous, they were objectively unreasonable. Plaintiffs argue they were not unreasonable in pursuing their claims against Defendants