BRIDGEPORT MUSIC, INC., et al.

v.

SONGS OF ALL NATIONS, et al.

No. 3:–01–0703.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 30, 2003.

D'Lesli M. Davis, Richard S. Busch, Ramona P. DeSalvo, King & Ballow, Nashville, TN, for Bridgeport Music, Inc.

Thomas H. Dundon, William David Bridgers, Neal & Harwell, Nashville, TN, Russell J. Frackman, David A. Steinberg, Mitchell, Silberberg & Knupp, LLP, Los Angeles, CA, for Songs of All Nations, DJ Yella Muzick, Songs of Universal, Inc., John Does 1–500.

*ORDER*

HIGGINS, District Judge.

Pending before the Court is the motion of the defendants Songs of Universal, Inc.

and DJ Yella Muzick for attorneys' fees and nontaxable costs (filed Dec. 9, 2002; Docket Entry No. 288). The defendants have filed the following in support of their motion: a memorandum of law (filed Dec. 9, 2002; Docket Entry No. 289); and the declarations of Jeffrey D. Goldman (filed Dec. 9, 2002; Docket Entry No. 290) and Philip M. Kirkpatrick (filed Dec. 9, 2002; Docket Entry No. 291). The plaintiff, Bridgeport Music, Inc., has filed in opposition a memorandum (filed Jan. 13, 2003; Docket Entry No. 304) and the declarations of Richard S. Busch (filed Jan. 13, 2003; Docket Entry No. 307), Armen Boladian (filed Jan. 13, 2003; Docket Entry No. 305), and Laura Hale (filed Jan. 13, 2003; Docket Entry No. 306).

The relevant facts are set forth in the Court's memorandum and order granting the defendant's third motion for summary judgment (entered Nov. 7, 2002; Docket Entry Nos. 283 and 284). In that order, the Court dismissed all of the plaintiff's claims against the defendants. The defendants now seek fees and costs as the prevailing parties pursuant to Section 505 of the Copyright Act (17 U.S.C. § 505).

■ Section 505 of the Copyright Act provides that:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The Supreme Court has enumerated several nonexclusive factors that a court should consider in deciding a motion for fees and costs, including "frivolousness, motivation, objective reasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v.*

*Fantasy, Inc.,* 510 U.S. 517, 534 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); *see also Coles v. Wonder,* 283 F.3d 798, 803 (6th Cir.2002) (affirming award of attorney's fees to defendants). Because these factors are non-exclusive, the Court needn't find in favor of the prevailing party on each factor in order to award fees, and may take other factors into consideration in exercising its discretion.

■ The primary consideration in deciding a motion for fees should be whether an award will further the policies and objectives of the Copyright Act. *Fogerty,* 510 U.S. at 534 n. 19, 114 S.Ct. 1023.

> Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible. To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.... Thus, a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright.

*Id.* at 527, 116 S.Ct. 1495.

■ The defendants are clearly the prevailing parties here, the Court having found that all of the plaintiff's claims were barred by the license granted by Ruthless Attack Muzick, the original owner of the copyrighted work at issue in this action, for use of the work in the allegedly infringing composition. However, the determination of the prevailing party does not resolve whether the defendants are entitled to fees.

■ The license was not produced by the defendants until after both the close of discovery and the deadline for filing dispositive motions. The Court granted the defendants leave to file a supplemental motion for summary judgment because of the possibility that the license would resolve all claims in this action, which turned out to be the case. However, the Court is concerned that an award of attorney's fees here might appear to sanction the defendants' failure to timely discover crucial evidence.

Mr. Goldman, the defendants' Los Angeles counsel, in his declaration makes much of his firm's close relationship with and physical proximity to the client and the firm's expertise and experience in complex copyright litigation, yet neither this expertise nor proximity accrued to his client's benefit when it came to locating the one document that could have ended this litigation long before his firm spent hundreds of thousands of dollars in attorney's fees. This significant oversight weighs heavily against awarding fees.

The defendants also moved for summary judgment on their statute of limitations defense. While the Court did not reach that issue here, the Court has ruled on a previous motion for attorney's fees that the plaintiff's theory that publishing defendants could be liable for infringement within the limitations period for the receipt of royalties income was novel enough to weigh against an award of attorney's fees. *Bridgeport Music, Inc. v. Chrysalis Songs,* Case No. 3:01–0701 (entered Apr. 23, 2003; Docket Entry No. 316).

Weighing in favor of an award, however, is the plaintiff's decision to continue to litigate the matter once presented with a valid license that clearly on its face presented a complete defense to its infringement claims. The plaintiff claims that the defendants' settlement demand was unreasonable, in that they sought dismissal with prejudice in addition to the payment of their legal fees to date (about $150,000). A review of the correspondence between the parties shows that the defendants proposed to offset their legal fees in this action against any judgment obtained against any of the Universal defendants in the hundred or so Bridgeport cases in which they were named or as a credit in any settlement with these defendants. The Court does not find this demand unreasonable as an opening offer to settle, but believes that both sides could have worked harder to reach a settlement of this matter, instead of incurring a further run-up in fees in preparation for trial.[1]

After weighing the factors, the Court finds the purposes and objectives of the Copyright Act would not be measurably advanced by an award of fees in this matter. The motion (filed Dec. 9, 2002; Docket Entry No. 288) by the defendants Songs and Universal, Inc. and DJ Yella Muzick for attorney's fees and nontaxable costs is denied.

It is SO ORDERED.

---

1. At no time prior to trial did either side seek the Court's aid in settling this matter, even though the Court has strongly encouraged the parties on several occasions to pursue settlement.