Mark L. SMALL, an individual, and Northstar Imaging Solutions, L.L.C., a Michigan Limited Liability Company, Plaintiffs/Counter–Defendants/Third–Party Defendants,

v.

EXHIBIT ENTERPRISES, INC., a Michigan Corporation, and Eye Magnet, L.L.C., a Michigan Limited Liability Company, jointly and severally, Defendants/Counter–Plaintiffs,

and

Olympia Entertainment, Inc., a Michigan Corporation, Intervener.

and

Naias, L.L.C., Third–Party Plaintiff.

No. CIV. 04–70029.

United States District Court, E.D. Michigan, Southern Division.

April 7, 2005.

Michael J. Fergestrom, Hamood & Fergestrom, Troy, MI, for plaintiff.

Gerald E. McGlynn, III, Edward A. Frankfort, Troy, MI, for defendant.

### MEMORANDUM OPINION AND ORDER

TAYLOR, District Judge.

### I.

#### Introduction

This motion for summary judgment on Plaintiffs' copyright infringement claim and request for attorney fees under the Copyright Act of 1976, 17 U.S.C.S § 101 et. seq., arises out of pleadings and affidavits submitted by Plaintiffs, Mark L. Small, individually, and NorthStar Imaging Solutions, L.L.C., (collectively "Plaintiffs"), during litigation against Defendants, Exhibit Enterprise, Inc., and Eye Magnet, L.L.C., (collectively "Defendants"), for Defendants' alleged violation of Plaintiffs' copyright. Plaintiff Small submitted a drawing of Cobo Arena ("Cobo") arrayed with banners hanging down the colonnaded flats of the exterior to the U.S. Copyright Office. Plaintiffs allege that Defendants violated its copyright by hanging three banners advertising DaimlerChrysler products on the exterior of Cobo Arena during the 2004 North American International Auto Show ("Auto Show"). For the reasons explained below, the Defendants' motion is GRANTED.

### Background

Defendants secured a contract to design and produce three banners for Daimler-Chrysler to be placed on Cobo, an exhibition center located in downtown Detroit, Michigan, for the 2003 Auto Show. Defendants subcontracted the printing of the banners to the Plaintiffs for use of its VUTEK machine. A VUTEK machine is special printer that uses super-wide inkjet technology that is especially convenient for printing large banners. Defendants' design required that the banners hang down the colonnaded exterior of Cobo.

After the public display of Defendants' banners at the 2003 Auto Show, several of Plaintiffs' employees left Plaintiffs and joined Defendants in July of 2003. (Resp. Br. at 5) Subsequently, on July 21, 2003, Plaintiff Small secured a copyright for "Cobo Hall bedecked." Cobo Hall bedecked was a drawing submitted to the U.S. Copyright Office that purports to be Cobo Arena with banners arrayed around the circumference of the structure. Plaintiff Small licensed the use of the copyright to Plaintiff Northstar.

Defendants secured a contract with DaimlerChrysler to design and produce banners for the 2004 Auto Show. Plaintiffs were advised by a representative for the City of Detroit that someone was planning to produce and install banners on Cobo. On January 3, 2004, Plaintiffs learned that Defendants were installing banners on Cobo.

On January 6, 2004, Plaintiffs filed a Complaint for alleged copyright infringement and a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction to restrain and enjoin Defendants' alleged copyright infringement. Plaintiffs sought to restrain the Defendants from installing an array of banners on Cobo. Plaintiffs argued that it had satisfied the elements for granting a TRO or Preliminary Injunction, because the Defendants' installation and display of the banners constituted copying of the Plaintiffs' copyrighted work; an actionable infringement upon Plaintiffs' registered copyright and exclusive rights conferred by or associated with the copyright. See 17 U.S.C. sec. 501.

Defendants argued, in response, that Plaintiffs did not have a copyright in the hanging of an array of banners around Cobo and that Plaintiffs had not satisfied two of the four elements which a court must balance when determining whether to grant a preliminary injunction; specifi-

cally, that Plaintiffs did not demonstrate a substantial likelihood of success on the merits and Plaintiffs would not suffer irreparable harm by Defendants hanging the banners.

A TRO hearing was held on the On January 7, 2004. Judge Bernard Friedman, sitting for this Court, denied Plaintiffs' motion for a TRO.

The North American International Auto Show, LLP ("NAIAS"), the entity that owns and operates the Auto Show at Cobo, and Olympia Entertainment Inc., then filed emergency motions for intervention as of right pursuant to Fed. R. Civ. Pro. 24(a), in support of Defendants' motion to deny Plaintiffs' request for preliminary injunction and Defendants filed a supplemental brief to deny Plaintiffs' motion for preliminary injunction.

The hearing for Preliminary Injunction was held before this Court on January 12, 2004. The Court, after reviewing the motions submitted by the parties and the intervenors and hearing oral arguments, denied Plaintiffs' motion for preliminary injunction.

Defendants have now filed a motion for Summary Judgment on Plaintiffs' copyright infringement claim and Plaintiffs filed a response in opposition thereto. NAIAS and Olympia Entertainment, Inc., then filed a motion joining in the Defendants' motion for Summary Judgment, and oral arguments on the motions were heard before this Court.

## II.

### Legal Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In copyright infringement cases "granting summary judgment, particularly in favor of a defendant is a practice to be used sparingly," but a "court may compare the two works and render a judgment for the defendant on the ground that as a matter of law a trier of fact would not be permitted to find substantial similarity." *Kohus v. Mariol,* 328 F.3d 848, 853 (6th Cir.2003) (quoting *Wickham v. Knoxville Int'l Energy Exposition, Inc.,* 739 F.2d 1094, 1097 (6th Cir.1984) (citations omitted)). The question of substantial similarity can usually be decided on the basis of the works themselves and rarely, if ever, involves questions of credibility. *Murray Hill Publications Inc. v. Twentieth Century Fox Film Corp.,* 361 F.3d 312, 321 (6th Cir.2004).

## III.

### Analysis

#### A. COPYRIGHT INFRINGEMENT

■ To establish copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications v. Rural Tel. Service Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Kohus,* 328 F.3d at 853; *Coles v. Wonder,* 283 F.3d 798, 801 (6th Cir.2002); *Winfield Collection Ltd., v. Gemmy Indus. Corp.,* 311 F.Supp.2d 611, 615 (E.D.Mich. 2004).

■ In this case, Plaintiffs' ownership of its submission to the U.S. Copyright Office is not disputed.[1] Where there is no direct

---

1. Defendants dispute the validity of Plaintiffs' copyright, arguing that Plaintiffs' copyright is not valid because its initial submission to the Copyright Office was rejected and Plaintiffs

"sidestepped" the necessary registration procedure by re-characterizing its drawing as "new architectural changes." (Defs. Mot. Br. at 15). As the court finds that the works here

evidence of copying, a plaintiff may establish an inference of copying by showing (1) access to the allegedly-infringed work by the defendants and (2) a substantial similarity between the two works at issue. *Kohus,* 328 F.3d at 854. Access is essentially viewing or having a reasonable opportunity to view the plaintiff's work and thus an opportunity to copy. *Winfield,* 311 F.Supp.2d at 615.[2] While a showing of access by the Plaintiffs is required, no amount of proof of access will suffice to show copying if there are no similarities between the two disputed works. *Wickham,* 739 F.2d at 1097.

■ When determining whether a defendant copied the constituent elements of a plaintiff's work, a court should first identify and eliminate those elements that are unoriginal and therefore unprotected before comparing similarities between the two works. *Kohus,* 328 F.3d at 853. The Supreme Court used this method in *Feist,* in which a telephone company sued a publishing company that had reprinted some of its directory listings. The Supreme Court noted that where factual compilations such as telephone books are involved, the only original elements are in selection and arrangement. *Feist Publications,* 499 U.S. at 349, 111 S.Ct. 1282, 113 L.Ed.2d 358. It held that because the copied listings were taken from "a garden-variety white pages directory, devoid of even the slightest trace of creativity," they were not original and were not entitled to copyright protection. *Id.* at 362, 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358.

The *Kohus* court, guided by the holding in *Feist,* established the test for substantial similarity in the Sixth Circuit. *See* 328 F.3d at 854–55. First, a court must identify which aspects of the artist's work, if any, are protectable by copyright. Second, a court must determine whether the allegedly infringing work is substantially similar to protectable elements of the artist's work. *Id.* at 855.

■ The first step requires that the unoriginal, unprotectable elements-elements that were not independently created by the inventor, and that possess no minimal degree of creativity-be filtered out. *Id.* It is axiomatic that the *expression* of an idea is copyrightable, not the idea itself. *Id.*

■ In cases that involve a functional object, it is necessary to eliminate those elements dictated by efficiency. To this end, the merger doctrine establishes that "when there is essentially only one way to express an idea, the idea and its expression are inseparable." *Id.* at 856. Copyright does not bar the copying of an expression of inseparable or merged elements.

■ Elements of an artist's work that constitute scènes à faire are not provided with copyright protection. Scènes à faire are elements of a constituent work that follow naturally from the work's theme, rather than from the author's creativity, or elements that are dictated by external factors such as particular business practices.[3]

---

in question are not substantially similar, a determination of the validity of Plaintiffs' submission to the U.S. Copyright Office is not necessary to the Court's holding. Moreover, the registration of a work with the U.S. Copyright Office creates only a *rebuttable presumption* of a valid copyright. 17 U.S.C. sec. 410( c). Thus, absent proof of direct copying, the issue of whether the two works are substantially similar would still have to be resolved.

**2.** Plaintiffs contend that all Defendants had access to Plaintiffs' work when it was publicly displayed at the 2003 Auto Show. (Resp. Br. at 14)

**3.** Black's Law Dictionary 1346 (8th ed.2004) (scènes à faire: "standard or general themes that are common to a wide variety of works and are therefore not copyrightable.").

These elements must also be filtered out. *Id.*

■ Once the unprotectable elements have been filtered out, the court must determine whether the allegedly infringing work is substantially similar to the protectable elements of the original. This determination should be based on the judgment of the ordinary reasonable person. *Id.* This view is based on the economic incentive view of copyright law which is: "that the purpose of the copyright laws are to provide creators with a financial incentive to create for the ultimate benefit of the public." *Id.*

## B. APPLICATION OF THE LEGAL STANDARD

### Substantial Similarity

■ When determining whether the two works are substantially similar, the Court must first filter out the non-protectable elements of Plaintiffs' work. There is nothing original, nor do Plaintiffs contend that hanging banners on Cobo is an original idea that is protected by copyright. Rather, Plaintiffs contend that the "form of an array of banners using the unique shape of Cobo Arena and an assemblage of banners in a specific form" is copyrightable. (Resp. Br. at 12).

Hanging banners on Cobo is not protectable by copyright for an additional reason. The merger doctrine states that where there is only one way to express an idea, the idea and its expression merge. There is only one way to express the hanging of banners on Cobo. Therefore, it is axiomatic, and the parties do not dispute, that hanging banners on Cobo is not protected by copyright.

■ Cobo Arena and the contents of Defendants' banners must also be eliminated. Plaintiffs did not create Cobo, nor does it own any interest in the architecture of the structure. Cobo is owned by the City of Detroit. Similarly, Plaintiffs do not own any interest in the contents of Defendants' banners.

■ The banners hanging downwards from the fascia at the roof line between supporting ribs of the building must also be eliminated. These elements of Plaintiffs' work are scènes à faire. That is, they follow naturally from the work's theme; are functional in nature, not creative, and constitute ideas, methods or concepts, none of which are protected by copyright. Plaintiffs contend that Defendants' work is substantially similar because of the manner in which its banners hang down the colonnaded panels of Cobo Arena. The hanging of a banner from a structure requires that it occur from some elevated portion of the structure-top downward. The manner in which the Defendants hung its banners follows naturally from the idea of hanging banners from a structure. As discussed above, neither the idea of hanging banners nor the non-creative, functional elements that naturally follow from hanging banners on Cobo Arena, which are scènes à faire, are protectable by copyright.

After step one of the filtering process has been performed, all that remains of Plaintiffs' copyright are banners with circles and blob patterns on them. This is the sum total of Plaintiffs' creative input.

### Ordinary Person Standard

■ Having filtered out the unprotectible elements, the Court now turns to comparing the remaining, protectable elements of Plaintiffs' banners to Defendants' banners to determine if, under the ordinary reasonable person standard, the two works are substantially similar. *See Kohus,* 328 F.3d at 856–57. Defendants' work contains logos from DaimlerChrysler vehicles. Clearly the car vehicle logos are not substantially similar to the Plaintiffs' odd shapes depicted on its banners in the dia-

gram. Defendants' banners show DaimlerChrysler vehicles, Plaintiffs' banners depict circles and blobs. Thus, Defendants' banners are not substantially similar to anything protected by Plaintiffs' submission to the U.S. Copyright Office.

Plaintiffs contend that its work is analogous to the creation of a sculpture for an atrium of a library made from hundreds of books written by various authors. (Resp. Br. at 12). Plaintiffs argue that the sculptor would not have a copyright in the contents of the individual books, each of which is otherwise protected, but the sculptor would have a copyright in the resulting statute made from the books.

Regardless of whether the hypothetical sculpture would receive copyright protection, the analogy is flawed and inapplicable to Plaintiffs' case. Unlike the case here, the sculptor does not rely on the copyrightable elements of the books-the words used and the design or patterns contained on the books' covers. The hypothetical sculptor patterns the books to create her work using the books for material, nothing more. The sculptor does not add or contribute to the copyrightable elements of the books. The books in Plaintiffs' analogy could be substituted without regard to the portions of the books (e.g. blank books with blank covers) that are copyright protected. Indeed, if the sculptor did in fact rely on the copyrightable elements of the books its copyright in the sculpture would be dubious. An author of a book could not claim a copyright violation if her book were used for a doorstop, a seat prop or to decorate a book case-which is essentially all the hypothetical sculptor has done in Plaintiffs' analogy.

Unlike Plaintiffs' hypothetical sculptor, Cobo is an integral element[4] of Plaintiffs' submission-an element that is not copyright protected by the Plaintiffs-that is not merely material, nor can it be substituted. Therefore, it must be filtered out. Plaintiffs' response is illustrative on this point. It contends that "[a]n original addition to an existing thing, however, or an original creation including some 'unoriginal' components, is subject to copyright to the extent of the *original contribution*." (Resp. Br. at 12) (emphasis added). Plaintiffs' own motion papers admit that its copyright extends only to its original contribution. To the extent that Plaintiffs' diagram provides copyright protection, it is in the drawing of banners with odd shapes printed on them hanging down the flats of Cobo Arena.[5] The "canonical statement of law is that *non-protectable elements* must be filtered out." *Murray Hill*, 361 F.3d at 325. Cobo Arena, the idea of hanging banners and the contents of Defendants' banners must be eliminated. Accordingly, because Plaintiffs' submission to the Copyright Office is not substantially similar to Defendants' banners, Defendants' motion for Summary Judgment is Granted.

## IV.

### Conclusion

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on Plaintiffs' claim is GRANTED.

**IT IS FURTHER ORDERED** that Defendants, NAIAS, and Olympia Entertain-

---

**4.** Plaintiffs claim they have a copyright in the "form of an array of banners using the unique shape of Cobo Arena." (Resp. Br. at 12).

**5.** The Court makes no determination whether Plaintiffs have a valid copyright in the sub-mission of a diagram of banners containing odd shapes as it is not required for the Court's holding that the works are not substantially similar.

ment shall present a motion requesting attorney fees.

**IT IS SO ORDERED.**