**THOROUGHBRED SOFTWARE INTERNATIONAL, INC.,**
Plaintiff,

v.

**DICE CORPORATION, Clifford V. Dice, Fred Wager, and John Does 1–10, Defendants.**

No. 03–CV–10259.

United States District Court, E.D. Michigan, Southern Division.

Dec. 19, 2007.

Thomas L. Beadle, Beadle, Burket, Troy, MI, Lindsey H. Taylor, Carella, Byrne, Roseland, NJ, for Plaintiff.

C. Patrick Kaltenbach, Craig W. Horn, Braun, Kendrick, Saginaw, MI, for Defendants.

### OPINION AND ORDER DENYING MOTION FOR ATTORNEY'S FEES

DAVID M. LAWSON, District Judge.

This copyright dispute was tried to the Court without a jury in 2006. The Court filed an opinion finding for the plaintiff on part of its claims and awarding damages in a significantly smaller amount than sought. On the issue of attorney's fees, the Court held: "The Court finds that no party except Fred Wager has prevailed in full in this case, so the award of attorney fees is inappropriate." *Thoroughbred Software Intern., Inc. v. Dice Corp.,* 439 F.Supp.2d 758, 773 (E.D.Mich.2006). On appeal, the Sixth Circuit affirmed the finding of liability, reversed the damage award and remanded for entry of a judgment for additional damages, and reversed the denial of attorney's fees and remanded. As to the attorney's fee issue, the court stated:

> Contrary to relevant precedent, the district court required a party to prevail "in full" in order to constitute the "prevailing party." We therefore find that the district court erred in this determina-

tion. Furthermore, Thoroughbred has now fully prevailed on its claim for actual damages.... The fact that Thoroughbred did not succeed on its claim for profits does not preclude it from being the prevailing party.

However, our finding that the district court erroneously failed to find that Thoroughbred was the prevailing party does not automatically entitle Thoroughbred to an award for attorney's fees.... As the district court did not find that any party besides Wager had prevailed, it neglected to discuss the discretionary factors as to Thoroughbred. Therefore, we vacate the district court's denial of attorney's fees and remand for a determination of whether Thoroughbred, as the prevailing party, is entitled to an award for attorney's fees.

*Thoroughbred Software Intern., Inc. v. Dice Corp.*, 488 F.3d 352, 362 (6th Cir. 2007).

This Court entered an corrected amended judgment pursuant to the mandate on August 9, 2007. Thoroughbred filed a motion for attorney's fees on October 4, 2007, requesting $80,459.10 in attorney's fees and $9,408.55 in costs paid to primary counsel, Lindsey Taylor of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein of New Jersey. The plaintiff also requests $14,542.00 in attorney's fees and $705.78 in costs paid to local counsel Beadle Smith, for a total fee request of $95,001.10 in attorney's fees and $10,114.26 in disbursements. Although the motion for attorney's fees is out of time under Federal Rule of Civil Procedure 54(d)(2)(B)(1) (stating that such a motion must "be filed no later than 14 days after the entry of judgment"), this Court will consider the motion because of the command stated in the court of appeals' mandate. Moreover, the mandate instructed the Court to consider attorney's fees as to Thoroughbred only, despite the fact that attorney's fees also were denied to defendant Fred Wager. Therefore, the Court will not reconsider an award of attorney's fees to Mr. Wager because of the terms of the mandate and because Mr. Wager has not asked for such reconsideration.

Section 505 of the Copyright Act of 1976 states:

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. In this case, the court of appeals found that Thoroughbred is the prevailing party, and for the purpose of the present motion, the defendants agree. Therefore, the Court will proceed to evaluate the claim for attorney's fees using the factors set down in the controlling cases.

The court of appeals has held that "[t]he discretion to grant attorney fees in copyright infringement cases is to be exercised in an evenhanded manner with respect to prevailing plaintiffs and prevailing defendants, and in a manner consistent with the primary purposes of the Copyright Act." *Bridgeport Music v. Diamond Time*, 371 F.3d 883, 893 (6th Cir.2004). The panel in this case noted that "[i]n copyright infringement cases, attorney's fees are not awarded automatically.... However, they are awarded routinely." *Thoroughbred*, 488 F.3d at 362 (citation omitted).

The Supreme Court has approved a non-exclusive list of factors for trial courts to consider in exercising discretion under Section 505, which includes "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517,

534, n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The Sixth Circuit adopted that four-factor test in *Coles v. Wonder*, 283 F.3d 798, 804 (6th Cir.2002). Additional considerations include:

the primary objective of the Copyright Act to "encourage the production of original literary, artistic, and musical expression for the good of the public"; the fact that defendants as well as plaintiffs may hold copyrights and run the "gamut" from large corporations to "starving artists"; the need to encourage "defendants who seek to advance a variety of meritorious copyright defenses ... to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement"; and the fact that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright."

*Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 807 n. 23 (6th Cir. 2005) (citing *Fogerty*, 510 U.S. at 524, 527, 114 S.Ct. 1023).

Although attorney fees are awarded to prevailing parties in copyright cases routinely, the Sixth Circuit has held that when the plaintiff's claims were "colorable, albeit meritless," a district court should not award attorney's fees. *Murray Hill Publications, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 640 (6th Cir.2001); *see also Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 357 (6th Cir. 2004); *Matthew Bender & Co., Inc. v. West Pub. Co.*, 240 F.3d 116, 122 (2d Cir.2001) (observing that "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act.").

■ The Court believes that the defendants' position at trial was not frivolous and was objectively reasonable. The defendants' position largely was adopted by this Court, and the Sixth Circuit's disagreement was expressed through a published opinion, suggesting that it was a significant statement of law. Nor do the other factors favor an award of attorney's fees here. The defendants did not act with an improper motivation. As the Court found at trial, the defendants copied the constituent elements of the software on customers' computers but did not activate any modules for which they had no licenses. They acted in a way that was convenient to them, but they did not profit—nor did they intend to profit—from their activity. The defendants testified without contradiction that they wrote their own software to ensure that their end-user customers could not access the copied-but-dormant modules. When a customer desired an additional feature, the defendants would purchase a license from the plaintiff and then activate the module. Although the Court found that the defendants' activity violated the Copyright Act, the defendants' motivation was not predatory, larcenous, or avaricious.

There is no need to further compensate the plaintiff. In fact, the damages now awarded could be considered a "windfall," because the defendants had no use for the plaintiff's software in most of the infringing instances. As noted earlier, although the defendants "stored" the infringing software on their customers' computers, they took affirmative steps to ensure that the customers had no access to it. Although copying occurred, the plaintiffs lost nothing as a result and the defendants gained nothing. *See Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 60 F.Supp.2d 544, 551 (E.D.Va.1999) (declining to award fees, and noting that "[t]he damages award adequately compensates Alexander for his loss due to the

defendants' copyright violation."), *aff'd*, 2 Fed.Appx. 298 (4th Cir.2001).

Nor do the defendants need to be further deterred. They did not profit from their infringing activities. The facts of this case do not suggest that the defendants took a risk by violating the copyright law with a large potential return looming if they were able to avoid detection. If that were the case, there would be some force to the plaintiff's argument that a forced payment of the licensing fee (which would have been due all along), once caught, is insufficient deterrence. Rather, the defendants' pay-as-you-go approach reflects respect for the plaintiff's property rights despite the technical violation of the Act.

Declining to award attorney's fees in this case is not inconsistent with the primary objective of the Copyright Act, which is to "encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524, 114 S.Ct. 1023. Thoroughbred was fully compensated for the violations, and those damages should be sufficient to encourage the company to stretch its imagination and provoke its originality. The defendant has paid a substantial penalty for its transgressions, and the justice of the cause requires no additional tribute to be extracted from them.

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees [dkt # 53] is **DENIED**.