In the

# United States Court of Appeals
## For the Seventh Circuit

No. 10-1738

NOVA DESIGN BUILD, INC.,

*Plaintiff-Appellant,*

*v.*

GRACE HOTELS, LLC, *et al.,*

*Defendants-Appellees,*

*v.*

HIMANSHU J. MODI,

*Third-Party Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 C 2855—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED OCTOBER 27, 2010—DECIDED JULY 26, 2011

Before EASTERBROOK, *Chief Judge,* and KANNE and
WOOD, *Circuit Judges*.

WOOD, *Circuit Judge.*  This case is about an architectural
agreement that went sour. The parties, Grace Hotels
LLC and Nova Design Build, Inc. (plus its owner,

Himanshu Modi) have been locked in a dispute over the validity of Nova's design copyright, Grace's alleged infringement, and the scope of an agreement relating to the designs. After examining the complaint carefully, we are satisfied that it arises under the Copyright Act, 17 U.S.C. § 504, and thus that the district court's subject-matter jurisdiction was secure. On the merits, we agree with the district court that Grace was entitled to summary judgment.

**I**

In March 2006, Grace invited Modi and his company Nova (collectively "Nova") to participate in a project to build a Holiday Inn Express in Waukegan, Illinois. In their negotiations for Nova's architectural services, the parties also contemplated using Nova's construction affiliate to build the hotel. As part of the contract that eventually emerged, they agreed that Grace would have to pay Nova an additional $15,000, apart from the design fees, if Grace elected not to use Nova's construction affiliate. Nevertheless, the agreement gave Grace the right to use the designs for bidding, permit, and construction purposes as long as Nova was paid in full. It expressly stipulated that the architectural designs would remain Nova's intellectual property.

When it came time to award the construction contract, Grace decided not to select Nova's construction affiliate. By this point, the parties' relationship was becoming strained. Nova thought that Grace was demanding work that was not covered by the agreement; Grace froze Nova

out of some discussions with the city about the project; Nova took the position that it had no further design obligations; Grace refused to pay Nova what the latter thought was due. After some haggling, Nova reluctantly accepted an $18,000 payment from Grace in satisfaction of a $28,000 alleged debt. Grace selected another construction company, Infuz Ltd., and moved on with its plan to erect the hotel.

In the meantime, Nova registered a copyright for the designs that it had produced. As part of the registration process, Nova was required to deposit with the Copyright Office copies of its designs. 17 U.S.C. § 408(b). Unfortunately, however, some time between its development of the designs and its registration of the copyright, Nova's offices were burgled and its computers, which contained the only final copies of the designs, were stolen. In order to produce the required deposit copies, Nova had to engage in a laborious process of duplicating its architectural designs by reference to its hard copies and other copies of its computer-aided design files ("CAD files").

After registering its copyright, Nova brought suit against Grace raising federal claims of copyright infringement and some supplemental state law claims. Nova alleged that Grace and Infuz used Nova's designs without its permission to construct the Holiday Inn Express and that this constituted infringement under the Copyright Act, 17 U.S.C. §§ 501 *et seq.* The district court granted Grace's motion for partial summary judgment on the copyright claims and dismissed the state

law claims, declining to exercise supplemental jurisdiction over them. It reasoned that Nova had failed to comply with the Copyright Office's registration requirement, because the copies it provided to that office were not *bona fide*. This was so, the court reasoned, because the designs Nova deposited were not produced by directly referring to the original designs, but instead had been re-created through a complicated process involving the use of memory. As a result, the court thought, Nova did not possess a validly registered copyright and thus could get no relief for infringement. Although we agree with the district court's bottom line, our rationale is different, as we now explain.

## II

The first point we must address is one that the parties never raised and the district court did not discuss: subject-matter jurisdiction. At oral argument, the panel raised the question whether jurisdiction is proper under the federal-question and copyright statutes, 28 U.S.C. §§ 1331, 1338, or if it is blocked by the doctrine of *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964). Put simply, that question boils down to whether this is really a case about validity and infringement of the copyright, or if it is about ownership or other rights conferred in the agreement between the parties. As the court noted in *T.B. Harms*, "an action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . . ." *Id.* at 828. Applying that rule, the Second Circuit dismissed the

case before it because the question was whether one of the defendants had assigned his interest in the copyright to the plaintiff—that is, the dispute was about who owned the copyright. *Id.* at 824. The plaintiff was not asserting any claim of infringement, and thus was not seeking any relief provided by the Copyright Act. *Id.* Because there was no diversity of citizenship or other independent ground of jurisdiction, the case had to be dismissed.

In contrast, plaintiff Nova in the case before us has squarely asserted that Grace infringed its copyrights and thus that it has a remedy under 17 U.S.C. § 504. To be sure, one of Grace's defenses is that its use was licensed, and state contract law will play a part in that defense. But Grace's defenses—whether based on federal law or state law—do not affect jurisdiction under sections 1331 or 1338. What does matter is whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Count I of Nova's complaint directly states that Nova "owns a valid and registered copyright" on the designs and drawings, that Grace unlawfully copied its copyrighted materials, that Nova had been injured, and that it was seeking damages under section 504 of the Copyright Act. That is enough to show that this case arises under the Act. (Contrary to a suggestion in Nova's brief, a valid registration is not essential to the court's jurisdiction. See *Reed Elsevier, Inc. v. Muchnick,* 130 S. Ct. 1237, 1245-46 (2010).)

### III

Turning to the merits, we recall that this is an appeal from a grant of summary judgment, and so our task is only to decide whether the undisputed facts, taken in the light most favorable to the non-moving party, require judgment as a matter of law for Grace. *Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021, 1028 (7th Cir. 2004). To prevail on a copyright infringement claim, Nova must establish, first, that it owns a valid copyright and, second, that Grace copied constituent elements of its copyrighted work that were original. *Schrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 517 (7th Cir. 2009). As we have already noted, to register a copyright properly, the Copyright Act required Nova (among other things) to submit one complete copy of the designs for which it was seeking protection. 17 U.S.C. § 408(b). The copy submitted must be a *bona fide* copy—that is, "'virtually identical to the original and . . . produced by directly referring to the original.'" *Coles v. Wonder*, 283 F.3d 798, 802 (6th Cir. 2002) (quoting *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998)). The district court thought that Nova failed to satisfy this requirement, because the original designs had been on the computers that were stolen in the burglary. It assumed that Nova's tedious reconstruction of the designs must have involved some reference to memory and that this was improper for the purposes of creating *bona fide* copies. See *id.* at 802.

On appeal, Nova argues, in essence, that the district court resolved a contested issue of fact adversely to it:

namely, that the copies it filed were not true replications of the original designs. Although the risks the court identified may have been real, Nova points out that it still had hard copies of its designs even after the theft of the computers. Those hard copies, cross-checked against the restored CAD files, allowed it to produce an identical, *bona fide*, copy of its original.

On this point, Nova is correct. Indeed, before the digital world made exact copies common, many copies may have had tiny discrepancies in them. There is no hard evidence in the record supporting the district court's speculation that Nova had to resort to the memories of its employees to re-create its designs. And even if there were, Nova has pointed to evidence to the contrary. With the hard copies and the restored CAD files, Nova could meticulously and mechanically piece together a copy of its original designs.

Even if Nova prevails on this point, however, another hurdle remains. Before it could show infringement, it had to raise a genuine issue of fact on the question of copying. This, in our view, is where its case founders. It has not introduced evidence that would allow a trier of fact to find that Grace copied the *original* elements of Nova's work. We note as well that Grace insists that its use was licensed, as it paid Nova $18,000 for its work and was allowed to use Nova's designs for bidding, permit, and construction purposes. But we need not reach the latter issue, since the failure to show copying of protectable elements decides the case.

Because direct evidence of the copying of protectable elements of a copyrighted work is usually unavailable,

copying may be inferred where the "defendant had access to the [plaintiff's] work and the [putatively in-fringing] work is substantially similar to the [plaintiff's] work." *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). But before comparing the two works, we must first identify "which aspects of the [plaintiff's] work, if any, are protectable by copyright . . . ." *Tiseo Architects, Inc. v. B & B Pools Serv. and Supply Co.*, 495 F.3d 344, 348 (6th Cir. 2007). The protectable elements are those that possess originality. *Schrock*, 586 F.3d at 518-19. Originality requires that the elements be independently created and possess at least some minimal degree of creativity. *Id.* at 519. After identifying these original, protectable elements, we then proceed to analyze whether the allegedly infringing work is "so similar to the [plaintiff's] work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated" the protectable elements of the work. *Incredible Techs., Inc.*, 400 F.3d at 1011; see *Tiseo Architects, Inc.*, 495 F.3d at 348.

We think that Nova fails at the initial step: it has not identified anything in these particular designs that was original and thus protectable. Nova's designs were, for the most part, based on the Holiday Inn Express prototype. Nova does not assert that it has the right, either through contract or otherwise, to enforce Holiday Inn Express's copyright in its own plans. Instead, Nova protests that it added features to the prototype, such as an extra floor, a larger meeting area, different closet and door placements in the rooms, and different pool, exercise, and laundry areas, but that is not enough.

Though Nova's designs do possess added features (and these additions are the only elements that may be protectable), they are devoid of originality. Merely adding an extra floor, identical to the floor layout of the prototype, is not original. The other features Nova mentions were specifically requested by Grace, mostly through written requests accompanied by graphic designs. In light of that, there was no creative element to these features in Nova's designs. See *Tiseo Architects, Inc.*, 495 F.3d at 347 (holding that architectural sketches that incorporated owner's suggestions and drawings, and were limited by zoning requirements, did not possess requisite originality for copyright protection). The aspects of Nova's designs that went beyond the Holiday Inn Express prototype were insufficiently original to qualify for copyright protection, and with that Nova's claim for copyright infringement must fail.

* * *

We therefore conclude that Nova's federal claim could not survive summary judgment. The district court was also well within its rights to dismiss the supplemental state claims without prejudice. 28 U.S.C. § 1367(c)(3). We therefore AFFIRM the judgment of the district court.